UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

           Judgment Creditor,

   v.

JAMES MEYER,

           Judgment Debtor,

   and

CHARLES SCHWAB & CO, INC., as successor in interest to TD AMERITRADE, INC.,

           Garnishee.

13 CR 604 (JPO)

**FINAL ORDER OF GARNISHMENT**

---

WHEREAS the Court entered judgment against JAMES MEYER on April 23, 2015, and ordered him to pay 13,455,719.00 in restitution, and to date, he still owes more than $13 million to the victims of his crime;

WHEREAS, pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3613, 3664(m), and the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. § 3205, the United States of America ("the Government") sought, obtained, and served a writ of garnishment on the garnishee, TD AMERITRADE, INC., for substantial nonexempt property belonging to or due the judgment debtor, JAMES MEYER (Dkts. 41-44);

WHEREAS CHARLES SCHWAB & CO., INC., as successor-in-interest to TD AMERITRADE, INC., answered the writ stating that it holds a Simplified Employee Pension Plan (SEP-IRA) account number ending in 8113 with a value of $116,969, subject to market fluctuation, for Meyer (Dkt. 45);

WHEREAS, in compliance with the FDCPA, the Government served Meyer with the garnishment process on August 14, 2024 (Dkt. 44);

WHEREAS Meyer submitted an objection to the garnishment that neither claimed any exemption nor requested a hearing;

WHEREAS, pursuant to the Crime Victim Rights Act, 18 U.S.C. § 3771(a)(6), the victims of Meyer's crime have the right to full and timely restitution as provided in law;

WHEREAS, the law provides that the Government may use any federal procedure and all available and reasonable means to collect restitution, 18 U.S.C. §§ 3613, 3664(m)(1)(A);

WHEREAS, pursuant to 18 U.S.C. § 3613, upon entry of judgment, a lien arose on all of Meyer's property and rights to property notwithstanding any other federal law, and the Government may use any federal or state procedure to enforce the judgment;

WHEREAS Meyer has a substantial nonexempt interest in the SEP-IRA held by the garnishee, to which the criminal judgment lien has attached, and therefore is subject to garnishment;

IT IS HEREBY ORDERED that the garnishee, CHARLES SCHWAB & CO., INC., as successor-in-interest to TD AMERITRADE, INC., shall liquidate securities in the SEP-IRA number ending in 8113 belonging to JAMES MEYER as needed to pay the full liquidated value of his retirement fund, less any deductions required by law, with no withdrawal penalty, to the Clerk of Court toward the outstanding restitution. *See United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006) (MVRA permits the government to garnish assets held in a retirement account, including an IRA, to satisfy a restitution order); and *United States v. Novak*, 476 F.3d 1041, 1062 (9th Cir. 2006) (involuntary court-ordered distributions from retirement accounts to pay criminal restitution are not subject to additional tax or penalty for early withdrawal);

Payments should be made by cashier's check or certified funds to "Clerk of Court" with "No. 13 CR 604" written on the face of each payment and mailed to:

>United States District Court
>500 Pearl Street, Room 120
>New York, New York 10007
>Attn: Cashier

Dated: New York, New York
       November 7, 2024

_____
J. PAUL OETKEN
United States District Judge

**Final Order of Garnishment - Page 3**